```
                                                    FILED
                                                U.S. DISTRICT COURT
                                              EASTERN DISTRICT ARKANSAS
      IN THE UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF ARKANSAS              JUL 2 1 2021
                 CENTRAL DIVISION
                                                TAMMY H. DOWNS, CLERK
                                                By: _____
                                                            DEP CLERK
```

**JOHN WESLEY KUNKEL, JR., Individually and**           **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.          No. 4:21-cv-**649-DPM**

**LEAFFILTER NORTH, LLC**           **DEFENDANT**

This case assigned to District Judge **Marshall**
and to Magistrate Judge **Ray**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff John Wesley Kunkel, Jr. ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Leaffilter North, LLC ("Defendant"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed at Defendant's business and conducted most of his work in Little Rock. Therefore, the acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

10. Plaintiff is an individual and resident of Pulaski County.

11. Defendant is a foreign limited liability company, registered to do business in Arkansas.

12. Defendant's registered agent for service of process is Corporation Service Company, at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

13. Defendant, in the course of its business, maintains a website at https://www.leaffilter.com/.

## IV.    FACTUAL ALLEGATIONS

14. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Defendant owns and operates a gutter protection and installation business.

16. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and fuel.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

18. Within the three years preceding the filing of this lawsuit, Defendant has continually employed at least four employees.

19. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

20. Defendant employed Plaintiff from August of 2019 until June of 2021.

21. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

**A.   Hourly Service Technicians**

22. Defendant employed Plaintiff as an hourly Service Technicians from August of 2019 until October of 2020.

23. Defendant also employed other hourly Service Technicians within the three years preceding the filing of this lawsuit.

24. As a Service Technician, Plaintiff was classified by Defendant as nonexempt from the overtime requirements of the FLSA and the AMWA.

25. At all relevant times herein, Defendant directly hired Plaintiff and other Service Technicians to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. In addition to his hourly wage, Plaintiff regularly received nondiscretionary bonuses.

27. Specifically, Plaintiff received bonuses when he referred a customer to Defendant ("referral bonuses").

28. The referral bonuses are nondiscretionary because they are based on objective and measurable criteria, and because Plaintiff expected to receive the referral bonuses and did in fact receive the incentive bonuses on a regular basis.

29. Upon information and belief, all or most Service Technicians received referral bonuses.

30. Defendant informs its Service Technicians of the referral bonuses upon hiring because the bonuses are part of Defendant's compensation package. Service Technicians expect to receive the bonuses.

31. Plaintiff and other Service Technicians regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

32. Defendant paid Plaintiff and other Service Technicians an overtime premium of half of their regular hourly rate for the hours they worked over 40 in a workweek.

33. However, Defendant did not include the bonuses that were paid to Plaintiff and other Service Technicians in their regular rates when calculating their overtime pay even though Plaintiff and other Service Technicians received bonuses in pay periods in which they also worked in excess of forty hours per week.

34. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35. Defendant violated the FLSA and AMWA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Service Technicians, in their regular rate when calculating their overtime pay.

36. Upon information and belief, Defendant's pay practices were the same for all Service Technicians who received referral bonuses.

37. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy

was a centralized human resources policy implemented uniformly from the corporate headquarters.

38. Because of the volume of work required to perform their jobs, Plaintiff and other Service Technicians consistently worked in excess of forty hours per week.

39. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Service Technicians violated the FLSA and AMWA.

### B.   Salaried Field Training Managers

40. Defendant employed Plaintiff as a salaried Field Training Manager from October of 2020 until June of 2021.

41. Defendant also employed other salaried Field Training Managers within the three years preceding the filing of this lawsuit.

42. As a Field Training Manager, Plaintiff was classified by Defendant as exempt from the overtime requirements of the FLSA and the AMWA.

43. At all relevant times herein, Defendant directly hired Plaintiff and other Field Training Managers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

44. As a Field Training Manager, Plaintiff's primary duties were to train subcontractors to install products to company specifications.

45. Other Field Training Managers had the same or similar duties as Plaintiff.

46. At all times material hereto, Plaintiff and other Field Training Managers were entitled to the rights, protections, and benefits provided under the FLSA.

47. Plaintiff did not have the authority to hire or fire any other employee.

48. Other Field Training Managers did not have the authority to hire or fire any other employee.

49. Plaintiff was not asked to provide input as to which employees should be hired or fired.

50. Other Field Training Managers were not asked to provide input as to which employees should be hired or fired.

51. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

52. Other Field Training Managers did not exercise independent judgment as to matters of significance in carrying out their duties.

53. In carrying out their duties, Plaintiff and other Field Training Managers followed the policies and processes set by Defendant or others.

54. Plaintiff and other Field Training Managers sought input from supervisors in lieu of making significant decisions on their own.

55. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

56. Plaintiff estimates he worked between 50 and 60 hours each week.

57. Upon information and belief, other Field Training Managers also regularly worked more than 40 hours per week during the relevant time period and had similar schedules to Plaintiff.

58. Defendant did not pay Plaintiff or other Field Training Managers 1.5x their regular rate for hours worked over 40 each week.

59. Much of the work Plaintiff and other Field Training Managers complete is

time-stamped, such as responding to phone calls and emails.

60. At all relevant times herein, Defendant has deprived Plaintiff and other Field Training Managers of regular wages and overtime compensation for all hours worked.

61. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

62. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

63. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

65. Plaintiff proposes the following collectives under the FLSA:

> **All Service Technicians who received a referral bonus in connection with work performed in any week in which**

**they worked over forty hours within the past three years.**

**All Field Training Managers who worked over forty hours in any week within in the past three years.**

66. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

67. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

68. The members of the proposed FLSA Service Technician collective are similarly situated in that they share these traits:

   A.   They were paid hourly;

   B.   They received nondiscretionary bonuses based on referrals; and

   C.   They worked over forty hours in at least one week in which they also performed work related to receiving a referral bonus.

69. The members of the proposed FLSA Field Training Manager collective are similarly situated in that they share these traits:

   A.   They were paid a salary;

   B.   They were classified as exempt from the overtime requirements of the FLSA;

   C.   They had substantially similar job duties and requirements; and

   D.   They were not paid for hours worked over forty each week.

70. Plaintiff is unable to state the exact numbers of the collectives but believes that the Service Technicians collective exceeds two hundred (200) people and the Field

Training Manager collective exceeds one hundred (100) people.

71. Defendant can readily identify the members of the collectives, who are a certain portion of the current and former employees of Defendant.

72. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

73. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

74. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

75. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

76. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

77. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

78. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

79. While Plaintiff was employed as a Service Technician, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

80. While Plaintiff was employed as a Field Training Manager, Defendant

misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

81. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

82. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA—Service Technicians)

84. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

85. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated Service Technicians pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

86. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

87. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

88. Defendant classified Plaintiff and other similarly situated Service Technicians as nonexempt from the overtime provisions of the FLSA.

89. Defendant failed to pay Plaintiff and similarly situated Service Technicians 1.5x their regular rate for all hours worked in excess of 40 per week.

90. Defendant deprived Plaintiff and similarly situated Service Technicians of compensation for all of the hours worked over forty per week, in violation of the FLSA.

91. Defendant knew or should have known that its actions violated the FLSA.

92. Defendant's conduct and practices, as described above, were willful.

93. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated Service Technicians for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

94. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated Service Technicians are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

95. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA—Field Training Managers)

96. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

97. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, et seq.

98. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

99. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

100. Defendant classified Plaintiff and other similarly situated Field Training Managers as exempt from the overtime provisions of the FLSA.

101. Defendant failed to pay Plaintiff and similarly situated Field Training Managers 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

102. Defendant deprived Plaintiff and similarly situated Field Training Managers of compensation for all of the hours worked over forty per week, in violation of the FLSA.

103. Defendant knew or should have known that its actions violated the FLSA.

104. Defendant's conduct and practices, as described above, were willful.

105. By reason of the unlawful acts alleged herein, Defendant is liable to

Plaintiff and all similarly situated Field Training Managers for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

106. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated Field Training Managers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

107. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate

### IX. FOURTH CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

108. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

109. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

110. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

111. Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to 40 and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

112. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

113. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

114. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff John Wesley Kunkel, Jr., respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.   Certification of collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.   Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

  E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

  F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JOHN WESLEY KUNKEL, JR.,
Individually and on Behalf
of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN WESLEY KUNKEL, JR., Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.            No. 4:21-cv-___

**LEAFFILTER NORTH, LLC**           **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION—SERVICE TECHNICIAN

I was employed as an hourly Service Technician for Leaffilter North, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*/s/ JOHN WESLEY KUNKEL, JR.*
July 21, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN WESLEY KUNKEL, JR., Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.     No. 4:21-cv-___

**LEAFFILTER NORTH, LLC**     **DEFENDANT**

**CONSENT TO JOIN COLLECTIVE ACTION—FIELD TRAINING MANAGER**

I was employed as a salaried Field Training Manager for Leaffilter North, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

JOHN WESLEY KUNKEL, JR.
July 21, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**