IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN WESLEY KUNKEL, JR., Individually and**        **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.        No. 4:21-cv-649-DPM

**LEAFFILTER NORTH, LLC**        **DEFENDANT**

### JOINT MOTION FOR APPROVAL OF
### SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff John Wesley Kunkel, Jr. ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and Defendant Leaffilter North, LLC ("Defendant," and, together with Plaintiff, the "Parties"), by and through its counsel, Cross, Gunter, Witherspoon & Galchus, P.C., submit the following for their Joint Motion for Approval of Settlement and Dismissal with Prejudice:

1. Plaintiff initiated this action on July 21, 2021. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq. Id*. Plaintiff alleged that he was not compensated for all hours worked and was not paid a proper overtime rate for all hours worked over 40 per week. *Id.*

2. Defendant disputes that Plaintiff was not properly compensated for all hours worked, including overtime, thereby creating a bona fide dispute as to wages owed.

Page 1 of 5
John Wesley Kunkel, Jr., et al. v. Leaffilter North, LLC
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-649-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice

3.  In an effort to reach an early resolution to this matter, the Parties exchanged documents and information regarding Plaintiff's time records, compensation, and issues related to the underlying merits of Plaintiff's claims against Defendant.

4.  After negotiations, the Parties entered into a Settlement Agreement and Release of Claims ("Settlement Agreement") which resolves all claims in this lawsuit. A copy of the Settlement Agreement is attached hereto as Exhibit 1.[1]

5.  To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the Parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

---

[1] The copy attached is signed by Plaintiff; Defendant is in the process of executing the Agreement. The Parties will supplement this Motion with a fully executed copy of the Agreement once it is signed by Defendant.

Page 2 of 5
John Wesley Kunkel, Jr., et al. v. Leaffilter North, LLC
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-649-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice

*Id*. (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

6. Here, the proposed settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows negotiations conducted by opposing counsel at arm's length, including the sharing of time and pay records, by experienced counsel representing both parties. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

7. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of his claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. Plaintiff claimed that he was misclassified as exempt from the overtime requirements of the FLSA and that he worked around 50 hours each week for Defendant. Defendant avers that Plaintiff was properly classified as salaried and that he was at all times properly compensated under the FLSA. Under the terms of the settlement, Plaintiff is receiving $4,500.00, an amount that compensates him for an assumed 10 hours per week in overtime damages plus an additional approximately 18.2% in liquidated damages.

Page 3 of 5
John Wesley Kunkel, Jr., et al. v. Leaffilter North, LLC
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-649-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice

9. This amount is especially reasonable given Defendant's position that Plaintiff was properly classified as exempt from the overtime requirements of the FLSA and therefore owed nothing. Had this case gone to trial, Defendant was prepared to also present arguments that they made all payment to Plaintiff in good faith which, if successful, would negate Plaintiff's entitlement to liquidated damages.

10. The Parties negotiated attorneys' fees and costs completely separate from and without regard to Plaintiff's claim. The amount of attorneys' fees and costs to be paid was reached only after an agreement was reached as to Plaintiff's liability damages. Accordingly, the Parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

11. This Settlement Agreement resolves all matters remaining before the Court. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of this action. The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendant request that the Court enter an Order granting this Joint Motion for Approval of Settlement and Dismissal with Prejudice, and for all other relief to which they are entitled.

Page 4 of 5
John Wesley Kunkel, Jr., et al. v. Leaffilter North, LLC
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-649-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice

Respectfully submitted,

**PLAINTIFF JOHN WESLEY KUNKEL, JR.**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and    **DEFENDANT LEAFFILTER NORTH, LLC**

CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.
500 President Clinton Ave., Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Facsimile: (501) 371-0035

*/s/ Gregory J. Northen*
Gregory J. Northen
Ark. Bar No. 2011181
gnorthen@cgwg.com

Page 5 of 5
John Wesley Kunkel, Jr., et al. v. Leaffilter North, LLC
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-649-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice